Jerome **ELLIS**, Plaintiff,

v.

Margaret M. **HECKLER**, Defendant.

No. 84 C 2805.

United States District Court,
N.D. Illinois, E.D.

Sept. 16, 1985.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

Presently pending before this Court are the parties' cross-motions for summary judgment. This case is an appeal from an adverse determination by the Secretary of Health and Human Services ("the Secretary") denying the plaintiff's claim for Social Security disability benefits. Following a hearing before the Administrative Law Judge ("ALJ"), the plaintiff was awarded benefits on July 28, 1983. The ALJ found that plaintiff was entitled to a period of disability commencing May 27, 1981. The

Appeals Council, however, reviewed the matter on its own motion and reversed the ALJ, finding plaintiff not disabled until May 18, 1982 and thus not eligible for benefits on the pending application. The only issue presented here is the onset date of plaintiff's disability.

Plaintiff died following the filing of this case, and his estate has been substituted as the plaintiff. Plaintiff contends that the decision of the Secretary denying benefits "lacks substantial evidence in the record to support it" and that "said evidence is in favor of disability."

█ Where, as here, the Appeals Council has reversed the decision of the ALJ granting benefits, the Seventh Circuit has recently held that the reviewing court has "an obligation to determine whether the own motion review conducted by the Appeals Council was in fact justified under the standard by which the Council justified it in theory." *Scott v. Heckler*, 768 F.2d 172, 178 (7th Cir.1985). Here, the Appeals Council decided that the ALJ's decision was not supported by substantial evidence. Thus, this Court must determine whether the Secretary's decision to conduct own motion review based on the condition that the ALJ's award was not supported by substantial evidence was correct.

On January 9, 1985, the Secretary submitted a "motion to affirm the decision of Secretary" in which the Secretary waived the filing of a brief in response to plaintiff's memorandum in support of his motion for summary judgment. The Secretary stated, "In support of this motion defendant relies on the record previously filed in this case."

After a *de novo* review of the entire record, this Court finds that the record before the ALJ constituted substantial evidence to support the ALJ's finding that the plaintiff in this case was disabled as of May 27, 1981. The Appeals Council concluded that "the evidence fails to reveal the presence of any significant cardiac or physical impairment prior to May 18, 1982, when the claimant was hospitalized for a heart attack." But the ALJ himself recognized that there was no objective medical evidence of any significant cardiac or physical impairment when he stated:

The extent of that period is not clearly defined by the medical records. However, the totality of the evidence clearly allows the Administrative Law Judge to infer that had the claimant undergone a physical examination in May, 1981 as well as a psychiatric evaluation, findings supportive of the generalized cardiac damage would have been reported. The Administrative Law Judge further bases this inference on the cited physician's report of May, 1982 indicating that the claimant's condition had been present for at least 12 months. Accordingly, the combination of the claimant's physical and mental impairments would have limited the claimant to performing less than the full range of sedentary work on May 27, 1981. The claimant's condition prior to that date cannot be documented or inferred and the claimant must be found to have retained the ability to perform simple unskilled repetitive tasks prior to May 27, 1981.

█ Given the fact that two of the physicians who examined the plaintiff concluded that his condition began long before May, 1981, and given the fact that there were no conflicting opinion regarding the probable duration of the plaintiff's physical impairments, this Court concludes that the ALJ's decision as to the onset date of disability was supported by substantial evidence. Thus, it was error for the Appeals Council to review the ALJ's decision pursuant to 20 C.F.R. §§ 404.970 and 416.1470.

Accordingly, the decision of the Secretary is reversed, and the Secretary is ordered to award disability benefits to plaintiff's estate as of May 27, 1981. It is so ordered.